## Nolan v. Smythe. No. 2

*A. Grant Walker,* for plaintiff.
*Hosbach & Good,* for defendant.

EVANS, P. J., March 28, 1951.—This matter is before us on a motion to strike off judgment entered

against defendant by the prothonotary on August 3, 1950, at the order of attorney for plaintiff.

It is contended that the Ohio Casualty Insurance Company, surety for defendant, on appeal from an alderman's judgment, has failed to properly qualify in accordance with the laws of Pennsylvania to act as surety, and that there does not appear of record a power of attorney to the person acting as attorney-in-fact for the Ohio Casualty Insurance Company. The records in the prothonotary's office shows that the Ohio Casualty Insurance Company has qualified with the Insurance Commissioner of the State of Pennsylvania to act as surety, and a certificate to that effect is on file.

We therefore have for consideration only the second reason assigned for the entry of judgment.

The transcript on appeal shows a bond in the proper amount signed by defendant, J. M. Smythe, and the Ohio Casualty Insurance Company, Carl F. Schmidt, attorney-in-fact. The corporate seal is attached.

There is not on record anything to indicate that Carl F. Schmidt is a duly appointed attorney-in-fact to act on behalf of his constituent, the Ohio Casualty Insurance Company. It is true, as contended by plaintiff, that the bond is of no binding effect upon the surety company unless Carl F. Schmidt has authority to act on its behalf. Inasmuch as there is nothing of record to show this authority, plaintiff has the right to insist upon proof being furnished. He cannot presume a lack of authority and on his own initiative declare the execution by Carl F. Schmidt, on behalf of his constituent, void.

And now, to wit, March 28, 1951, the rule to show cause granted September 18, 1950, on defendant's motion to strike off judgment entered against him by plaintiff on August 3, 1950, is made absolute.